1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHRISTOPHER VILLAREAL,                    No.  2:20-cv-0380-EFB P

12                     Petitioner,

13        v.                                   ORDER AND FINDINGS AND
                                               RECOMMENDATIONS
14   PATRICK EATON,

15                     Respondent.

16

17        Petitioner is a state prisoner who, proceeding pro se, seeks a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  He has filed an application to proceed in forma pauperis (ECF No.

19   2) which makes the required showing and is granted.  However, his petition (ECF No. 1), for the

20   reasons stated below, does not state a viable claim.

21        I.    Legal Standards

22        The court must dismiss a habeas petition or portion thereof if the prisoner raises claims

23   that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be

24   granted.  28 U.S.C. § 1915A(b)(1),(2).  The court must dismiss a habeas petition "[i]f it plainly

25   appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

26   Rule 4, Rules Governing Section 2254 Cases.

27   /////

28   /////

                                          1

1        II.      Analysis

2               Petitioner, while housed at Kern Valley State Prison, was convicted of a disciplinary

3       violation based on possession of heroin.  ECF No. 1 at 4.  By way of background, prison officers

4       saw petitioner with a bindle of an unknown substance in his cell.  *Id.* at 30.  After the bindle was

5       confiscated, it was sent to a regional crime lab for analysis.  *Id.*  The analysis confirmed that the

6       substance was heroin.  *Id.*  As a consequence of petitioner's conviction, he lost time credits.  *Id.*

7       at 4.  Petitioner claims that conviction should be reversed because prison officials declined to

8       provide him with photographs of the heroin which were necessary to establish the chain of

9       custody between the seizure of the substance and the issuance of the crime lab analysis.  *Id.*

10              In a 1989 decision, the U.S. Court of Appeals for the Third Circuit considered a similar

11      claim and rejected it:

12                     Appellant does not allege that prison officials tampered with the
                samples. Nor does he allege that the prison officials failed to follow
13              their own procedures. Appellant merely argues that if officials do not
                submit a complete chain of custody account for the samples, any test
14              results based on those samples must be considered unreliable.
                However appealing this argument may be, it does not present a viable
15              constitutional claim. The due process requirements in this context are
                minimal, and they are met here. Positive urinalysis results based on
16              samples that officials claim to be appellant's constitute some
                evidence of appellant's drug use. A chain of custody requirement
17              would be nothing more or less than an "independent assessment" into
                the reliability of the evidence, and *Hill[1]* tells us, explicitly, that such
18              a "credibility" determination is not required.

19      *Thompson v. Owens*, 889 F.2d 500, 502 (3d. Cir. 1989).  The U.S. Court of Appeals for the Ninth

20      Circuit has, in unpublished decisions, cited *Thompson* approvingly.  *See White v. Crosswell,* 967

21      F.2d 596, 1992 U.S. App. LEXIS 13367, *3 (9th Cir. 1992) ("An examination of the chain of

22      custody would simply be an independent assessment of the reliability of the evidence. A positive

23      urinalysis test provides some evidence of intoxication regardless of the chain of custody.")(citing

24      *Thompson*); *see also Jones-Heim v. Reed*, 241 F. App'x 359, 361 n. 2 (9th Cir. 2007) ("Because

25      /////

26

27              [1][**footnote not in original text**] This is a reference to *Superintendent v. Hill*, 472 U.S. 445
        (1985).  *Hill* held that "the requirements of due process are satisfied if some evidence supports the
28      decision by the prison disciplinary board to revoke good time credits."  *Id.* at 455.

1   'some evidence' exists to support the DHO's finding, Plaintiff's chain of custody claim fails.")

2   (citing *Thompson*).

3       The matter would be different if petitioner actually alleged that the relevant sample was

4   tampered with or otherwise mishandled.  *See Koch v. Lewis*, 62 F.3d 1424, 1995 U.S. App.

5   LEXIS 31274, *13-14 (9th Cir. 1995) (rejecting *Thompson*'s application because the plaintiff had

6   explicitly alleged that the samples were procedurally mishandled).  He has not.  To be sure, he

7   offers unfounded speculation - he questions why, if the chain of custody was legitimate, did the

8   district attorney's office decline to press criminal charges?  ECF No. 1 at 10.  And why did

9   prison officials decline to provide him with the photographs?  *Id.*  But idle speculation that some

10  error may have occurred or that some conspiracy to violate his rights may have existed is not a

11  substitute for an affirmative allegation of the same.  Petitioner's ultimate position appears to be

12  that he had a constitutional right to confirm the chain of custody.  *Id.* at 6-7 ("Petitioner had a

13  constitutional right to a reasonable defense which included whether or not a reliable handling and

14  subsequent testing of the substance was appropriately and legitimately conducted.").  But, as

15  noted *supra*, this court is not persuaded that due process demands such a right for prisoners facing

16  administrative disciplinary proceedings.  Thus, it is recommended that his petition be dismissed

17  for failure to state a cognizable claim.

18      III.    Conclusion

19      Accordingly, it is ORDERED that:

20      1.  Petitioner's application to proceed in forma pauperis (ECF No. 2) is GRANTED; and

21      2.  The Clerk of Court shall randomly assign a United States District Judge to this case.

22      Further, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for failure

23  to state a cognizable claim.

24      These findings and recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

26  after being served with these findings and recommendations, any party may file written

27  objections with the court and serve a copy on all parties.  Such a document should be captioned

28  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

3  his objections petitioner may address whether a certificate of appealability should issue in the

4  event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases

5  (the district court must issue or deny a certificate of appealability when it enters a final order

6  adverse to the applicant).

7  DATED:  April 24, 2020.

8  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4